NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD D. WATT, *Appellant.*

No. 1 CA-CR 16-0451
FILED 2-2-2017

---

Appeal from the Superior Court in Coconino County
No. S0300CR201300657
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**N O R R I S,** Judge:

**¶1**　　　　Richard Watt timely appeals from his conviction and sentence for Continuous Sexual Abuse of a Child, a Class 2 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Watt's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Watt to file a supplemental brief *in propria persona*, but Watt did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Watt's conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**　　　　In 2008, Richard Watt's stepdaughter, L.S., became emotional after watching a video at a church youth group meeting that encouraged children to "speak up" if they had been sexually abused. L.S. spoke to a church volunteer and to E.D., the church's youth minister, and told them that Watt had sexually abused her. Although L.S. confided she had previously disclosed the abuse to her mother and then had recanted to her mother,[2] she explained to E.D. that she "felt like she had to talk about it again." E.D. called her supervisor and L.S.'s mother and the three of them agreed to report what L.S. had said to Child Protective Services and the police. L.S. was interviewed by a person she thought was a police

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Watt. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

[2]At trial, L.S. testified her mother became angry with her after she told her about the sexual abuse and she "didn't want to be the reason [Watt] went to jail." She further explained she recanted out of fear of what might happen to her family.

detective. The record reflects Watt was not charged with any offense at that time.

¶3        On August 1, 2013, Watt, sounding "suicidal," called his ex-wife, J.F., and his then girlfriend, M.E., and they met him at a Flagstaff hospital's emergency room. In the emergency room lobby, Watt "slapped" the glass of the admitting nurse's station and eventually R.C., a hospital security officer, and two other hospital security officers arrived. While still in the lobby, Watt made a statement to R.C. to the "effect that he couldn't live with himself knowing what he did to his stepdaughter." The hospital security officers moved Watt into an examination room.

¶4        At various times, J.F. was with Watt in the examination room. At one point, Watt asked J.F., "Do you know what [L.S.] accused me of?" After J.F. answered yes to Watt's question, he then told her, "Well, I did it."

¶5        Based on what Watt had said to her in the lobby, and because she was concerned about mandatory reporting requirements, R.C. questioned Watt in the examination room. She asked him if he had talked to police about the matter. Watt told her he had spoken to a detective but had lied to the detective because he would have had to "go to jail for a long time." R.C. contacted police and the detective mentioned by Watt the next day.

¶6        At trial, the State called J.F., R.C., L.S., and other witnesses who testified to the foregoing facts. Additionally, L.S. testified that beginning when she was eight, Watt had sexually abused her two or three times a week from about 2004 to about 2006. L.S. explained that generally Watt would remove her underwear, spread her legs, and run his finger around her genitals. L.S. testified the abuse stopped when she disclosed the abuse to her mother.

¶7        An eight-member jury found Watt guilty of Continuous Sexual Abuse of a Child. Ariz. Rev. Stat. ("A.R.S.") § 13-1417 (2016)[3]. The superior court sentenced Watt to the presumptive term of 20 years' imprisonment with 105 days of presentence incarceration credit.

---

[3]Although the Arizona Legislature amended this statute after the latest date of Watt's offenses in 2006, the revisions are immaterial to our resolution of this appeal. Thus, we cite to the current version of this statute.

**DISCUSSION**

¶8        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Watt received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages or, when not present, waived his right to be present through counsel.

¶9        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Watt's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Watt was given an opportunity to speak at sentencing, and his sentence was within the range of acceptable sentences for his offense.

**CONCLUSION**

¶10        We decline to order briefing and affirm Watt's conviction and sentence.

¶11        After the filing of this decision, defense counsel's obligations pertaining to Watt's representation in this appeal have ended. Defense counsel need do no more than inform Watt of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶12        Watt has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Watt 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA